# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

ALFREDA CHRISTIAN,       )
                                     )

Plaintiff,                    )
                                     )

          v.             )         CAUSE NO.  1:10-cv-382
                                     )

WALGREEN COMPANY,      )
                                     )

Defendant,                  )

## OPINION AND ORDER

This matter is before the Court on two motions by the *pro se* Plaintiff.  In her Motion to Reissue Summons, she asks the Court to appoint either her or her mother to effect service of process on the Defendant. (Docket # 9.)   In the Motion to Remove the Magistrate Judge, she asks that this Magistrate Judge be removed from her case because she has not consented to him having rule on matters under 28 U.S.C. § 636(c).  For the reasons provided, both Motions are DENIED.

The Plaintiff filed suit on November 1, 2010, alleging numerous claims of discrimination against the Defendant, her former employer. (Docket # 1.)  On November 16, 2010, Judge Joseph Van Bokkelen granted the Plaintiff leave to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(d), directed the United States Marshals Service ("USMS") to effect service of process on the Defendant. (Docket # 6.)  Following that order, the Plaintiff began to frequently contact the USMS to inquire about the progress in achieving service and has apparently grown very dissatisfied with the alleged delay in effecting service.  She now asks the Court to reissue summons and appoint either her or her mother as special process servers because she suspects the delay up to this point has been racially motivated.

At the outset, it should be noted that fewer than 90 days have passed since the USMS was ordered to effectuate service. Federal Rule of Civil Procedure 4(m) specifies that service must occur within 120 days, so it is hardly unusual (or necessarily a sign of bias or prejudice) for service of process to take this long. Moreover, because the plaintiff is proceeding *in forma pauperis*, she was permitted to use (in fact, the Court had no choice but to order) the USMS under 28 U.S.C. § 1915(d) to attempt service under Federal Rule of Civil Procedure 4(c)(3). It now appears that the Plaintiff wants the Court to order (while the original summons remains outstanding) that a "specially appointed person"—in particular, the Plaintiff herself, or her mother—be tasked to effectuate service under Rule 4(c)(3).

There are at least two problem's with the Plaintiff's request. To begin, Federal Rule of Civil Procedure 4(c)(2) specifically prohibits a party to the action from serving process. Accordingly, and simply stated, the Plaintiff herself cannot serve the Defendant.

Additionally, the Plaintiff has not provided any information about her mother, such as a name or contact information, or explained how her mother is qualified, indeed, better qualified, than the USMS to serve process on the Defendant. Moreover, the 120 day period to effect service is still ongoing and there is no indication that the USMS will be unable to serve the Defendant within that time. It is therefore unnecessary to appoint a third party—let alone the Plaintiff's mother—as a special process server.

The Plaintiff also recently filed a motion (Docket # 8) seeking to remove this Magistrate Judge from her case because she has not consented to him under 28 U.S.C. § 636(c). The fact that the Plaintiff has not consented to the Magistrate Judge, however, does not preclude him from ruling on non-dispositive pre-trial matters under 28 U.S.C. § 636(b)(1)(A) or (b)(3) and

Federal Rule of Civil Procedure 72(a).  Accordingly, that Motion is also denied.

In conclusion, the Plaintiff's Motion to Reissue Summons (Docket # 9) and to Remove the Magistrate Judge (Docket # 8) are both DENIED.

SO ORDERED

February 3, 2011.

/s/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge