# United States District Court
# Northern District of Indiana
# Hammond Division

| ALFREDA CHRISTIAN, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:10-CV-382 JVB |
| WALGREEN COMPANY, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's third and consecutive pro se lawsuit against Defendant, Walgreen Co., her former employer. (DE 13.) On March 25, 2011, Plaintiff filed a response to Defendant's Motion to Dismiss. (DE 17.) Plaintiff filed her first lawsuit against Defendant in March 2009 premised on claims that had accrued prior to the filing of her November 2008 Chapter 7 bankruptcy petition. Plaintiff failed to disclose pre-petition claims against Defendant in her bankruptcy petition and the Trustee of the bankruptcy estate successfully moved to substitute herself as the Plaintiff. Shortly after, Trustee entered into a settlement agreement with the Bankruptcy Court containing a global release of all future claims.

Following an unsuccessful appeal to the United States Court of Appeals for the Seventh Circuit, Plaintiff filed a second lawsuit alleging conspiracy to dispose of her first lawsuit for a nuisance value. The district court dismissed Plaintiff's second lawsuit for failure to state a claim upon which relief can be granted. Plaintiff has now filed her third lawsuit against Defendant alleging gender discrimination in addition to the employment and conspiracy allegations that her

prior two lawsuits were premised.

I.      **BACKGROUND AND FACTS**

A.      **Defendant's Settlement of *"Christian I"***

On August 26, 2008, Plaintiff's employment with Defendant, Walgreen Co., was terminated. (DE 1 at 11.) In November 2008, Plaintiff filed a voluntary bankruptcy petition, Case No. 08-13973, in the United States Bankruptcy Court for the Northern District of Indiana. (DE 14, Ex. A at 1.) On February 23, 2009, the Bankruptcy Court discharged Plaintiff's debts, and on February 25, 2009, the Bankruptcy Court closed the Plaintiff's bankruptcy case. (DE 14, Ex. B and Ex. C at 18, 19.)

On March, 26, 2009, shortly after the Bankruptcy Case was settled, Plaintiff filed a lawsuit against Defendant in the United States District Court for the Southern District of Illinois (*"Christian I"*). *See Christian v. Walgreen Co.*, No. 09-235-GPM, 2009 WL 854673 (S.D. Ill. 2009). Plaintiff alleged that Defendant terminated her because of her race and retaliated against her for having engaged in protected activity, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended, and 42 U.S.C. § 1981. (DE 14, Ex. D at 1.) On April 27, 2009, *Christian I* was transferred to the United States District Court for the Northern District of Illinois. (DE 14, Ex. E at 3).

On June 22, 2009, the appointed Trustee for the Plaintiff's bankruptcy estate, Yvette Gaff Kleven, moved to reopen Plaintiff's bankruptcy case upon learning that Plaintiff failed to disclose pre-petition claims against Defendant in her bankruptcy petition. The Trustee sought to include Plaintiff's claims against Defendant in *Christian I* as assets of the bankruptcy estate. (DE

14, Ex. F at 22) On June 23, 2009, the Bankruptcy Court reopened Plaintiff's bankruptcy case. (DE 14, Ex. G at 32) Later that day, Trustee moved to substitute herself as the plaintiff in *Christian I* with the Illinois District Court. (DE 14, Ex. H at No. 37) On June 24, 2009, the court granted the Trustee's motion, thereby substituting the Trustee as the Plaintiff in *Christian I*. (DE 14, Ex. I at 40)

On July 31, 2009, the Trustee filed a Motion to Approve Compromise in the Bankruptcy Court, asking the court to approve the Trustee's monetary settlement with Defendant in *Christian I*. (DE 14, Ex. J at 42) On September 22, 2009, the bankruptcy court granted the Trustee's motion, authorizing the parties to enter into a settlement agreement for the sum of $3,500 in exchange for a voluntary dismissal by the Trustee. In addition, the settlement agreement contained a global release of claims against Defendant:

> "Walgreen on the one hand, and the Trustee, on behalf of herself and the Debtor's estate on the other hand, in respect of mutual promises and other consideration recited in this agreement, hereby release each other of any and all obligations, claims, and demands of any kind whatsoever, at all or in equity, direct or indirect, known or unknown, discovered or undiscovered, arising out of, by reason of, or relating in any way whatsoever to the Debtor's employment with Walgreen and/or the District Court Litigation."

(DE 14, Ex. J and Ex. K at 42, 51):

On September 21, 2009, Defendant and Trustee jointly dismissed *Christian I*, pursuant to the Federal Rule of Civil Procedure, Rule 41(a)(1)(ii). On September 22, 2009, the Illinois District Court entered its own order dismissing *Christian I* with prejudice in accord with the parties' stipulated dismissal. (DE 14, Ex. N at 61.)

On October 21, 2009, Plaintiff appealed her case to the United States Court of Appeals for the Seventh Circuit. Among other things, Plaintiff contested the following: (1) the

bankruptcy court's September 2009 order approving the settlement; (2) the district court's order confirming the voluntary dismissal with prejudice; and (3) the district court's order granting the Trustee's motion to substitute herself as plaintiff. On March 31, 2010, the Seventh Circuit dismissed Plaintiff's appeal for lack of jurisdiction with respect to the orders referenced in (1) and (2), and affirmed the order referenced in (3). *See Kleven v. Walgreen*, No. 09-3594, 373 Fed.Appx. 608 (7th Cir. 2010).

### B.     Illinois District Court's Dismissal of *"Christian II"*

On April 22, 2010, Plaintiff filed a second pro se lawsuit ("*Christian II*") in an Illinois District Court against Defendant and eleven other corporate, individual, and governmental defendants, pursuant to 28 U.S.C. §§1331 and 1343, 42 U.S.C. §§§ 1981, 1983, 1985, and 1988, and the First, Fifth, Thirteenth, and Fourteenth Amendments to the United States Constitution. (DE 14, Ex. Q at 1.)  In *Christian II*, Plaintiff raised the same employment claims against Defendant that she asserted in *Christian I*.  (*Cf. Christian I* DE 14, Ex. D, *and Christian II* DE 14, Ex. Q.) In addition, Plaintiff claimed that Defendant conspired in *Christian I* with her creditors, the Trustee, an Illinois District Court, the Bankruptcy Court, the United States Department of Justice, and others to settle her claims in *Christian I* for a "nuisance value." (DE 14, Ex. Q at 1, ¶6.)

On May 11, 2010, the court dismissed Plaintiff's complaint in *Christian II sua sponte*, holding that Plaintiff failed to state a claim upon which relief could be granted and sought damages from defendants who are immune from suit. (DE 14, Ex. R at 8.) Plaintiff did not appeal this dismissal.

**C.     Plaintiff's Third Pro Se Lawsuit Against Defendant, Walgreen Co.**

On November 1, 2010, Plaintiff sued Defendant yet again. Plaintiff has asserted identical employment and conspiracy claims against Defendant as in the previous two lawsuits. (DE 1 at 2, ¶¶3, 5.) Additionally, Plaintiff now alleges a new claim of gender discrimination.

**II.     PLAINTIFF'S REQUEST FOR AN ATTORNEY**

In Plaintiff's response to Defendant's Motion to Dismiss, Plaintiff seeks appointment of counsel. (DE 17 at 20.) To date, Plaintiff has voluntarily conducted her prior lawsuits against Defendant as a *pro se* litigant. Plaintiff now seeks appointment of counsel in furtherance of her gender discrimination claim. The Court finds that with or without counsel, Plaintiff has no legal basis for her lawsuit and her request, therefore, is denied.

**III.    STANDARD FOR EVALUATING A MOTION TO DISMISS**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[1] As the Supreme Court has stated, "the tenet that a court must accept

---

[1] In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007).

as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1940 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id.* (citing *Twombly*, 550 U.S. at 570). The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

## III. ANALYSIS

### A. The Doctrine of Res Judicata Bars Plaintiff's Lawsuit

Under the doctrine of res judicata, a final judgement on the merits of an action bars further claims by the parties or their privies based on the same action. *Montana v. United States*, 440 U.S. 147, 153 (1979). Res judicata applies if the following three elements are satisfied: (1) identities of the parties or their privies in the two lawsuits; (2) identity to the causes of action; and (3) final judgement on the merits of the first lawsuit. *Langone v. Schad, Diamond and Shedden, P.C.*, 943 N.E.2d 673, 685 (Ill. App. Ct. 2010). The doctrine of res judicata bars not

only those issues that the parties actually litigated, but also any issue which the parties could have raised in the prior action. *Aaron v. Mahl*, 550 F.3d 659, 664 (7th Cir. 2008).

In the case at bar, the record is undisputed that both Plaintiff and Defendant were parties to *Christian I* and *Christian II*. "Causes of action which belong to the debtor are estate property and the bankruptcy Trustee steps into the shoes of the debtor for purposes of asserting or maintaining the debtors causes of action." *Jaeger v. Clear Wing Productions, Inc.*, 465 F. Supp. 2d 879, 884 (S.D. Ill. 2006). Accordingly, Plaintiff and Trustee became "privies" for purposes of claim preclusion when the court substituted Trustee in Plaintiff's place in *Christian I*. For purposes of res judicata, the Court finds identity of the parties to be present in all three consecutive lawsuits filed by Plaintiff.

In *Christian I* and *Christian II*, Plaintiff raised, and the Illinois District Court decided, the precise claim that Plaintiff now seeks to advance. Causes of action are identical for purposes of res judicata if the claims "[emerge] from the same core of operative facts as that earlier action." *Cole v. Bd. of Tr. of Univ. of Illinois*, 497 F. 3d 770, 772-73 (7th Cir. 2007). In the current case, Plaintiff merely rehashes the same employment and conspiracy claims that have previously been filed and adjudicated by the court. Accordingly, the Court finds her claims identical to those previously litigated.

In both *Christian I* and *Christian II*, the court entered final judgment on the merits. A judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action. *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327 (1955). With respect to *Christian I*, after Trustee was substituted as Plaintiff, Trustee possessed authority to freely enter into a binding settlement agreement containing a global release clause.

Moreover, the Federal Rules of Civil Procedure Rule 41(a)(1)(ii) stipulation of dismissal voluntarily entered in *Christian I*, and the Illinois District Court's May 11, 2010, order dismissing *Christian II*, constitute final judgments on the merits. In summary, the Court finds that all three elements of res judicata have been satisfied. Therefore, Plaintiff is precluded from reasserting her old claims in this Court.

After the court previously adjudicated the prior claims, Plaintiff now alleges a new claim against Defendant premised on gender discrimination. This claim is baseless because there is a clear identity maintaining the same facts and cause of action in Plaintiff's prior suits. Because Plaintiff had a fair opportunity, yet neglected to assert the existence of gender discrimination in her prior claim against Defendant, the doctrine of res judicata bars the gender discrimination claim.[2]

**B.    Future Lawsuits Against Defendant**

In its motion to dismiss, Defendant asks that the Court bar Plaintiff from bringing future lawsuits without prior leave of the Court. Defendant relies on *In re City of Chicago*, 500 F.3d 582, 583 (7th Cir. 2007). In that case, plaintiff's *in forma pauperis* status was revoked and the suit dismissed after the court concluded plaintiff's financial affidavit was false. In order to proceed, the court demanded full payment of all outstanding fees and costs plaintiff incurred by virtue of his past litigation. In the instant case, the Court has no reason to suspect deceit on the part of Plaintiff. However, if Plaintiff files other lawsuits against Defendant pertaining to the

---

[2]Plaintiff's employment claims are also barred by the Global Release entered into by Trustee in *Christian I*. (DE 14, Ex. J at. 42.)

same claims, the Court will require prepayment of the filing fee before she is allowed to proceed forward.

III.     CONCLUSION

For the foregoing reasons the Court:

•   Denies Plaintiff's motion for appointment of counsel (DE 4);

•   Grants Defendant's Motion to Dismiss (DE 13).

SO ORDERED on July 14, 2011.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE